UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM MICHAEL N.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C23-5801 RSM

**ORDER AFFIRMING AND DISMISSING THE CASE**

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the ALJ erred by rejecting the medical opinions of Dr. Parlatore and Dr. Widlan and improperly assessing his residual functional capacity (RFC). Dkt. 8. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 54 years old, has at least a high school education, and has no past relevant work. Admin. Record (AR) 30. In December 2018, Plaintiff applied for benefits, alleging disability as of July 11, 2011. AR 147, 162. Plaintiff's application was denied initially and on reconsideration. AR 161, 178. In September 2022, the ALJ conducted a hearing where Plaintiff amended his alleged onset date to April 24, 2019. AR 106–41. In November 2022, the ALJ

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

issued a decision finding Plaintiff not disabled.  AR 14–39.  The ALJ determined Plaintiff has the RFC to perform light work, and, in relevant part, "simple, routine tasks, with occasional changes in the work setting and only occasional interaction with supervisors, coworkers, and the public."  AR 22.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*, 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1. Medical Opinion Evidence

ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." ! *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 416.920c(a).  Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources.  *See id.*; 20 C.F.R. § 416.920c(c)(1), (c)(2).  Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."  *Woods*, 32 F.4th at 792.

#### a. Dr. Parlatore

Dr. Parlatore opined Plaintiff's memory, sustained concentration, and pace and

persistence are "marked impaired." AR 561.  He opined Plaintiff's social interaction and adaptation are "moderately impaired." *Id*.  He opined Plaintiff has the ability to perform simple and repetitive tasks but would have more difficulty with detailed complex tasks "to a marked degree." *Id*.  He opined Plaintiff would not have difficulty with accepting instructions from supervisors, though he has problems with short-term memory. *Id*.  He opined Plaintiff would have "marked difficulty" with interacting with co-workers and the public, as well as dealing with usual stress encountered in the workplace. *Id*.

The ALJ first rejected Dr. Parlatore's opinion because it was unsupported by his own "largely unremarkable examination findings." AR 27.  How a medical source supports his or her medical opinion with relevant objective medical evidence and supporting explanations is a factor the ALJ must consider.  20 C.F.R. § 416.920c(c)(1).  In this case, Dr. Parlatore's findings could reasonably support his opinion about Plaintiff's mental functioning.  For example, he noted Plaintiff had difficulties with his memory and Plaintiff took an "inordinate" amount of time to complete his cognitive exam.  AR 560.  The ALJ also noted Dr. Parlatore's opinion appeared to be largely based on Plaintiff's subjective report, but the record shows Dr. Parlatore administered a mental status exam during the evaluation in addition to considering Plaintiff's reports and history.  *See* AR 557–60.  In rejecting Dr. Parlatore's opinion based on its lack of supportability, the ALJ erred.

However, the ALJ reasonably found Dr. Parlatore's opinion inconsistent with Plaintiff's record. AR 28.  How consistent a medical opinion is with evidence from other medical sources and nonmedical sources is a factor the ALJ must also consider.  20 C.F.R. § 416.920c(c)(2).  Here, counseling treatment notes show Plaintiff was able to engage with his counselors, who consistently noted no impairments with Plaintiff's memory, attention, cognition, or perception.

ORDER AFFIRMING AND DISMISSING
THE CASE - 3

AR 566, 569–70, 572, 671, 682, 689, 696, 706, 719, 728, 735, 742, 748, 1598, 1632, 1644, 1658. Plaintiff's other mental examinations similarly show he was cooperative with normal attention span and concentration. AR 574, 626, 1018. Plaintiff himself reported improvement with medication, and the record indicates increase in his symptoms were due to external factors, including his family and COVID-19. *See, e.g.*, AR 573 (reporting mental health as "stable" and able to maintain relationships and no interference with activities of daily living), 671 (reporting depression "a lot better than it was"), 682 (reporting increased anxiety about COVID–19), 689 (same), 728 (reporting anxiety about COVID–19 and family but also improvement from medication), 735 (same), 742 (reporting "doing okay" and relief with insurance approval for wife's medication), 1632 (reporting depression has "been okay" even while family issues have been adding stress to his situation), 1644 (reporting depression as "'a lot better than it was'" even while dealing with family issues). Given the findings from Plaintiff's counselors showing normal cognition, interaction, and memory, and Plaintiff's own reports of improvement even with external stressors, the ALJ's inconsistency finding between Dr. Parlatore's proposed limitations and the record is supported by substantial evidence. Therefore, in rejecting Dr. Parlatore's opinion, the ALJ did not err. Further, because the ALJ's inconsistency finding is valid and supported by substantial evidence, the ALJ's erroneous supportability finding is deemed harmless. *Woods*, 32 F. 4th at 793 (affirming the ALJ's rejection of medical opinion based on an inconsistency finding alone).

        b.    **Dr. Widlan**

Dr. Widlan opined Plaintiff may be able to accept "very simple instruction" but not moderately complex instruction. AR 1938. He opined Plaintiff is not able to persist with adequate pace, becomes easily overwhelmed by tasks demand, does not appear able to

consistently negotiate simple social stressors, and has considerable defects in his activities of daily living. *Id*. Dr. Widlan further opined Plaintiff's mental health impairments would interfere with his ability to work for 20 percent of the time, and he would miss work 20 days per month. AR 1942.

The ALJ found Dr. Widlan's opinion consistent with his own examination findings, but rejected it for its inconsistency with the rest of Plaintiff's record. *Id*. The ALJ's assessment is reasonable. As discussed, Plaintiff's counselors continuously found no impairments with his memory, attention, cognition, concentration, and perception, and his mental examinations showed similar findings. AR 566, 569–70, 572–74, 626, 671, 682, 689, 696, 706, 719, 728, 735, 742, 748, 750, 1018, 1598, 1632, 1644, 1658. Plaintiff also reported improvement with his anxiety and depression from medication. AR 573, 671, 689, 728, 735, 742, 1632, 1644. Regarding Dr. Widlan's opinion about Plaintiff's absenteeism, the ALJ acknowledged Plaintiff missed several of his counseling appointments, but noted Plaintiff had "some control" over his attendance because he was able to return when necessary. AR 28. This assessment is reasonable as well. There is nothing in the record to indicate Plaintiff's absences were due to his mental health impairments. Instead, Plaintiff often attributed his cancellations to his physical health or lack of transportation. *See* AR 649, 651. Further, as the ALJ noted, when Plaintiff was notified about being discharged from counseling services due to his absences, he insisted on rescheduling and continued with the program. *See* AR 1923. Given Plaintiff's normal mental status findings and improvement from treatment, and given that Plaintiff's counseling absences were either unexplained or explicitly due to reasons other than his mental health impairments, the ALJ could reasonably find Dr. Widlan's proposed limitations inconsistent with the overall record. Therefore, in rejecting his opinion, the ALJ did not err.

ORDER AFFIRMING AND DISMISSING
THE CASE - 5

**2.      Plaintiff's RFC**

Plaintiff contends the ALJ erred in assessing his RFC. Dkt. 8 at 2–4.

A claimant's RFC considers the most a claimant can do considering the claimant's limitations or restrictions and is "based on all the relevant medical and other evidence in [the] case record." 20 C.F.R. § 416.945(a). Here, in determining Plaintiff's RFC the ALJ considered medical evidence as well as Plaintiff's testimony. AR 25–27.

Plaintiff testified to having memory loss and difficulties with focusing and concentrating. AR 120, 127. He explained he misses counseling sessions because he cannot remember them. AR 120. He stated his depression and anxiety levels fluctuate, but they have been "mostly bad," and as a result, he is in bed most of the days, three to four times a week. AR 126–27.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Here, the ALJ rejected Plaintiff's testimony for several reasons, including his ability to care for family, improvement from treatment, and objective medical evidence. AR 25–27. Plaintiff argues his statements about his inability to function when his symptoms worsen is reflected in the record. Dkt. 8 at 2. But as the ALJ noted, the record shows Plaintiff's symptoms improved. AR 25. "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [social security disability] benefits."

*Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).  Here, the record shows the days when Plaintiff experienced depression decreased from three to four days a week to one to two days a week.  *See* AR 719.  The record also shows that on a scale of one to 10—with one being extremely depressed and 10 not being depressed at all—Plaintiff rated his depression as an "8."  *See* AR 697, 719.  Further, Plaintiff made several reports of stabilization and improvement with his depression and anxiety from his medication, especially after his medication dosage was corrected.  *See* AR 564, 568–69, 574, 728, 748, 1644.  Plaintiff argues his improvements were not sustained, but the records he cites indicate the increase in his symptoms were related to other factors and not necessarily lack of effectiveness with his medication.  Dkt. 8 at 3 (citing AR 566, 570, 682, 696).  Plaintiff has not shown the ALJ's finding of improvement was unsupported by substantial evidence, therefore Plaintiff's argument fails.

      Plaintiff also disputes the ALJ's reliance on Plaintiff's mental examinations and points out they support his argument because they show him as anxious and depressed.  Dkt. 8 at 4.  Plaintiff misunderstands the ALJ's rejection of his testimony.  The ALJ acknowledged Plaintiff's symptoms are reasonable results of his mental health impairments, but found his statements about the degree which they affect his memory and ability to function unsupported by the record.  *See* AR 23.  "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."  *Smartt*, 53 F.4th at 498.  Here, the ALJ reasonably found Plaintiff's testimony regarding memory loss and trouble with focus and concentration undercut by consistent findings of no impairments with Plaintiff's mental functioning and normal mental examination results.  AR 25 (citing AR 566, 569–70, 572–74, 626, 671, 682, 689, 696, 706, 719, 728, 735, 742, 748, 750, 1018, 1598, 1632,

1644, 1658).

Plaintiff also emphasizes his "no-shows" with his counseling sessions and argues the ALJ failed to take them into consideration given they were "due in part to his mental health limitations." Dkt. 8 at 2–2. However, the records Plaintiff cites to are unconvincing, as they appear to show Plaintiff cancelled his appointments because of his physical health or lack of transportation. *See* AR 646, 647, 649, 651.

Finally, Plaintiff argues the ALJ erroneously relied on his ability to perform certain activities of daily living. Dkt. 8 at 4. An ALJ may discount a claimant's symptom testimony when it is inconsistent with the claimant's general activity level. *See Molina*, 674 F.3d at 1112–13; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). Here, the ALJ pointed to Plaintiff's ability to care for his family members, drive, shop, and manage his finances. AR 24. These activities do not necessarily undermine Plaintiff's statements, but because the ALJ provided other valid reasons, supported by substantial evidence, to reject his testimony, any insufficient reasoning by the ALJ is deemed harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

"[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). The ALJ has no obligation to include in a claimant's RFC limitations that are not supported by the record. *See Stubbs-Danielson*, 539 F.3d at 1174 (9th Cir. 2008); *Osenbrock v. Apfel*, 240 F.3d 1157, 1164–65 (9th

Cir. 2001). Plaintiff has not shown the ALJ's assessment of his testimony and the medical opinion erroneous. Therefore, the ALJ had no obligation to account for his statements or Dr. Parlatore's and Dr. Widlan's proposed limitations. Accordingly, the Court finds no error with the ALJ's RFC assessment.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 6th day of March, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE